# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-1742-TMC |
| DEVINDER DHANOA, ) | |
| a/k/a SUKHVINDER SINGH, ) | |
| a/k/a VORA JAYENDRA AMRITLAL, ) | |
| a/k/a DALIP KUMAR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S MOTION TO DISMISS

The United States of America ("Plaintiff" or "the government") hereby opposes Defendant Devinder Dhanoa's a/k/a/ Sukhvinder Singh's a/k/a Vora Jayendra Amritlal's a/k/a Dalip Kumar's ("Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Contrary to Defendant's assertions, this Court has subject matter jurisdiction to hear this action. Accordingly, the Court should deny Defendant's motion to dismiss.

## FACTUAL AND LEGAL BACKGROUND

The United States filed this civil denaturalization action on June 25, 2018, under 8 U.S.C. § 1451(a), seeking to revoke and set aside the 2009 grant of U.S. citizenship to Defendant, and to cancel his Certificate of Naturalization, No. 31384903. *See* Compl., ECF No. 1. In its complaint,[1] the government alleged that Defendant used multiple identities in attempting to obtain immigration

---

[1] The background is taken exclusively from the complaint. ECF No. 1.

1

benefits, including naturalization as a U.S. citizen. *See id.* ¶¶ 6-65. Specifically, Defendant arrived in the United States in 1991 and presented a passport indicating his name was Vora Jayendra Amritlal. *Id.* ¶¶ 6-8. Immigration officials suspected the passport photograph had been altered, took Defendant's fingerprints, and detained him for an exclusion proceeding. *Id*. ¶¶ 12-13. After his attorney posted bond, Defendant failed to appear for his hearing and an immigration judge ordered him removed *in absentia* in 1991. *Id.* ¶¶ 15-7. There is no evidence that Defendant departed the United States under this identity. *Id.* ¶ 18. In 1993, Defendant sought asylum under the name Sukvinder Singh. *Id.* ¶ 19. This application was ultimately referred to an immigration judge, and in 1999, Defendant was ordered removed *in absentia* after he failed to appear for that hearing. *Id.* ¶¶ 27-30. In 2002, he encountered U.S. Customs and Border Protection ("CBP"), and was removed pursuant to his outstanding removal order. *Id.* ¶¶ 31-32. However, in 1996, while his Singh proceeding was underway, Defendant sought and received asylum under his current identity, Devinder Dhanoa. *Id.* ¶¶ 33-44. Defendant subsequently adjusted his status to permanent resident and, in 2009, naturalized as a U.S. citizen. *Id.* ¶¶ 45-65. Defendant never disclosed that he had been ordered excluded and removed from the United States; that he lied about his use of multiple identities and immigration history under oath; or that he was never substantively eligible for the lawful permanent residency on which his naturalization was premised. *Id.* ¶ 63.

  As the government's complaint alleges, these foregoing facts subject Defendant to civil denaturalization for at least four reasons. *First,* the government claims that Defendant illegally procured his naturalization because he was not *lawfully* admitted for permanent residence as required by 8 U.S.C. §§ 1427(a)(1) and 1429. *See* Compl. ¶¶ 78-87 (Count I). *Second*, the government claims Defendant illegally procured his naturalization because he provided false testimony during the statutory period when he testified at his naturalization interview that he had

never used any other names; that he had never given false or misleading information to any U.S. government official while applying for any immigration benefit, or to prevent deportation, exclusion, or removal; that he had never lied to any U.S. government official to gain entry or admission into the United States; that he had never been removed, excluded, or deported from the United States; and that he had never been ordered to be removed, excluded, or deported from the United States. His false testimony precluded him from establishing the requisite good moral character under 8 U.S.C. § 1101(f)(6). *Id*. ¶¶ 88-97 (Count II). *Third*, the government claims Defendant was also unable to establish the requisite good moral character because his fraudulent conduct amounted to "unlawful acts" that adversely reflected upon his moral character under 8 C.F.R. § 316.10(b)(3)(iii) and 8 U.S.C. § 1101(f). *Id*. ¶¶ 98-105 (Count III). *Fourth*, the government claims Defendant obtained his naturalization by willfully misrepresenting and concealing his criminal history during the naturalization process. *Id*. ¶¶ 106-112 (Count IV).

On November 5, 2018, Defendant filed a motion to dismiss stating that this Court lacks jurisdiction under Federal Rule of Civil Procedure 12 (b)(6).[2] *See* Motion to Dismiss ("Mot."), ECF No. 19. Defendant argues the government's complaint "should be dismissed because the statute of limitations has run." *See* Mot. at 1. However, because there is no statute of limitations for a civil denaturalization action, this Court should deny Defendant's motion to dismiss.

**STANDARD OF REVIEW**

---

[2] Plaintiff notes that Federal Rule of Civil Procedure 12(b)(6) contemplates dismissal based on failure to state a claim upon which relief can be granted, whereas Rule 12(b)(1) provides for dismissal where the court lacks subject matter jurisdiction. Either way, Defendant's motion fails as there is no statute of limitations for civil denaturalization actions.

The standard for a motion to dismiss under Federal Rule of Civil Procedure 12 is well-established. Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction should be asserted when "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When considering such challenges the court must take "all the facts alleged in the complaint as true." *Id.* However, in the case of a factual attack, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Id.* (internal citations omitted).

Similarly, in determining whether a complaint states a claim upon which relief can be granted, the Court must assume that "all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). From the factual allegations in the complaint, the Court then "take the facts in the light most favorable to the plaintiff," but "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). The complaint need only "state a claim to relief that is plausible on its face," alleging no more than the "factual content" necessary that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974*), abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). At the pleading stage, plaintiffs must merely "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A complaint will survive a Rule 12(b)(6) motion to dismiss that contains sufficient factual matter "to state a claim to relief that is

plausible on its face." *Iqbal*, 556 U.S. at 678.  Plausible allegations within a complaint are those that "suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Twombly*, 550 U.S. at 569 n.14.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

Defendant's motion to dismiss alleges one ground of dismissal, which purportedly arises under Rule 12(b)(6).  Specifically, he argues that the complaint should be dismissed because the statutes of limitations has run for this civil denaturalization case.  However, because the Supreme Court has found, unequivocally, that there is no statute of limitations for a civil denaturalization action, this Court should deny Defendant's motion to dismiss.

**I.     No Statute of Limitations Exists for Civil Denaturalization Actions**

Neither the plain language of 8 U.S.C. § 1451(a), nor any other provision of the Immigration and Nationality Act or United States Code, places a time limit on an action to revoke naturalization.  Indeed, it is well-settled law that there is no statute of limitations for civil denaturalization actions.  *See Costello v. U.S.*, 365 U.S. 265, 283 ("Congress has not enacted a time bar applicable to proceedings to revoke citizenship procured by fraud.").  The Supreme Court and various circuit courts have held that the United States may institute denaturalization proceedings against a defendant at any time, regardless of how much time has passed since the defendant naturalized.  *See, e.g.*, *Kungys v. U.S.*, 485 U.S. 759, 765 (1988) (34 years); *U.S. v. Szehinskyj*, 277 F.3d 331 (3d Cir. 2002) (41 years); *Costello*, 275 F.2d 355, 356–57 (2d Cir. 1960), *aff'd*, 365 U.S. 265 (27 years); *U.S. v. Arango*, No. 09-cv-178, 2014 WL 7179578, at *7 (D. Ariz.

Dec. 17, 2014), *aff'd*, 686 F. App'x 489 (9th Cir. 2017) (19 years); *U.S. v. Schmidt*, 1990 WL 6667, at *1 (N.D. Ill. Jan. 3, 1990), *aff'd*, 923 F.2d 1253 (7th Cir. 1991) (two decades).

Defendant incorrectly argues that 28 U.S.C. § 2462 bars the United States from bringing a complaint for revocation of naturalization under 8 U.S.C. § 1451(a). In fact, § 2462 does not apply to civil complaints to revoke naturalization. *See United States v. Hauck*, 155 F.2d 141, 143 (2d Cir. 1946) (finding that "[r]eliance on 28 U.S.C.A. § 791 [1947] [the predecessor statute to 28 U.S.C. § 2462] as the applicable statute of limitations [to a denaturalization action] is a hopeless clutching at straws; that statute is completely irrelevant."); *U.S. v. Ali*, 7 F.2d 728, 730 (E.D. Mich. 1925)); *U.S. v. Hongyan Li*, 619 F. App'x. 298, 303 (5th Cir. 2015) ("Because the denaturalization action is not punitive, the limitations period in § 2462 is inapplicable to [defendant's] case"); *U.S. v. Rebelo*, 394 F. App'x 850, 853 (3d Cir. 2010) (holding "the catch-all statute of limitations of 28 U.S.C. § 2462—like its predecessor—does not apply to denaturalization proceedings brought pursuant to 8 U.S.C. 1451(a)").

Accordingly, Defendant's reliance on *Kokesh v. SEC*, 137 S. Ct. 1635 (2017) is misplaced. In *Kokesh,* the Securities and Exchange Commission had asked the district court for a disgorgement judgment of $34.9 million due to plaintiff's violation of the Investment Company Act of 1940. *See Kokesh*, 137 S. Ct. at 1641. When discussing whether disgorgement was a punitive (and therefore a penalty), rather than a remedial, sanction, the Supreme Court reasoned that disgorgement was not remedial because disgorgement did not seek to restore the *status quo*. *Id*. at 1644 ("it is not clear that disgorgement . . . simply returns the defendant to the place he would have occupied had he not broken the law. SEC disgorgement sometimes exceeds the profits gained as a result of the violation."). The Supreme Court found that disgorgement was a penalty under 28 U.S.C. § 2462 because disgorgement is imposed for punitive purposes when one has violated

the law, and is not compensatory.  *Id.* at 1645 ("Because disgorgement orders 'go beyond compensation, are intended to punish, and label defendants wrongdoers' as a consequence of violating public laws, *Gabelli*, 568 U.S., at 451-452, 133 S. Ct. 1216, 185 L. Ed. 2d 297, they represent a penalty and thus fall within the 5-year statute of limitations of § 2462.").  By contrast, civil denaturalization is a remedial action to correct an erroneous grant of citizenship "to which the individual was never entitled."  *Hongyan Li*, 619 F. App'x. at 302; *see also Trop v. Dulles*, 356 U.S. 86, 98 (1958) ("Denaturalization is not imposed to *penalize* the alien for having falsified his application for citizenship") (emphasis added); *see also U.S. v. Phattey*, 2018 WL 4365490, at *4 (D. Alaska 2018) (rejecting the argument that *Kokesh* establishes that § 2462 should apply to civil denaturalization and finding instead that, "[t]he purpose of revoking citizenship is quite obviously to take back something that was not deserved in the first place.").[3]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be denied.

Dated:  November 16, 2018                              Respectfully submitted,

                                                                          SHERRI A. LYDON
                                                                          United States Attorney

                                                                          */s/ Matthew J. Modica*
                                                                          MATTHEW J. MODICA

---

[3] Defendant's arguments that the government's public statements "confirm that it views denaturalization proceedings to be punitive and designed to correct a wrong against the public," Mot. at 7, are likewise unpersuasive.  Defendant's interpretive reading of the government's statements ignores that the government views denaturalization as a means to "protect . . . our nation's immigration system", Mot., Ex. D (quoting Justice Dept. Press Release, Jan. 9, 2018), as well as to "vigorously defend the integrity of citizenship," *id.*, Ex. A (quoting U.S. Att'y's Bull.). These statements that clearly support the argument that denaturalization is remedial and designed to correct erroneous grants of citizenship.  *See Phattey*, at *9 ("[t]he purpose [of civil denaturalization] is not to punish, but rather to restore the status quo.").

7

Assistant U.S. Attorney
151 Meeting Street, Suite 200
Charleston, SC 29401-2238
(843) 266-1676 (voice)
(843) 727-4443 (facsimile)
Email: matthew.j.modica@usdoj.gov

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation

KATHLEEN A. CONNOLLY
Senior Counsel for National Security,
National Security and Affirmative Litigation Unit
Office of Immigration Litigation

DANIELLE K.S. LINDERMUTH
Trial Attorney, District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 305-9698; (202) 305-7000 (fax)
Email: danielle.lindermuth@usdoj.gov

*Counsel for the United States of America*