IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Civil Action No. 8:18-cv-01742-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S REPLY IN SUPPORT** |
| | ) | **OF MOTION TO DISMISS** |
| Devinder Singh Dhanoa, a/k/a Sukhvinder Singh, a/k/a Vora Jayendra Amritlal, a/k/a Dalip Kumar, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Devinder Singh Dhanoa ("Mr. Dhanoa"), through undersigned counsel, respectfully submits his Reply to Plaintiff's Response in Opposition ("Response") to Defendant's Motion to Dismiss ("Motion"). ECF No. 20.

## I.     INTRODUCTION

Defendant has moved this Court to dismiss Plaintiff's Complaint to Revoke Naturalization ("Complaint") (ECF No. 1) under Federal Rule of Civil Procedure 12(b)(6), because the statute of limitations has run and the Complaint is therefore barred under 28 U.S.C. §2462. In response, Plaintiff contends that no statute of limitations exists for civil denaturalization actions. Response (ECF No. 20) at 5-7. Plaintiff fails to meaningfully respond to Defendant's argument that denaturalization is punitive and thus, following the U.S. Supreme Court's recent decision in *Kokesh v. Securities and Exchange Commission*, 137 S. Ct. 1635 (2017), is subject to the general 5-year statute of limitations that applies to all civil actions

seeking "any civil fine, penalty, or forfeiture, pecuniary or otherwise[.]" 28 U.S.C. §2462. The Complaint should be dismissed.

## II. ARGUMENT IN REPLY

In support of his Motion to Dismiss, Defendant argued that a 2017 Supreme Court decision, *Kokesh v. Securities and Exchange Commission*, broadened the applicability of the 5-year statute of limitations at 28 U.S.C. §2462 for punitive civil actions. Motion (ECF No. 19) at 4-11. He contended that post-*Kokesh*, all civil actions designed to punish, penalize, or deter – even if also remedial in nature – are subject to the 5-year statute of limitations. In response, Plaintiff observes that nowhere in the Immigration and Nationality Act ("INA") or elsewhere in the U.S. Code is there an explicit time limit on bringing a denaturalization action. Response (ECF No. 20) at 5. Plaintiff proceeds to list a series of pre-*Kokesh* decisions where denaturalization proceedings were instituted many years after the defendant naturalized, well beyond the 5-year post-naturalization mark. *Id.* at 5-6. All of the listed cases have one thing in common – they were decided *before* the Supreme Court's decision in *Kokesh*. And none of the cited district court or court of appeals decisions arose from the U.S. Court of Appeals for the Fourth Circuit.

*Kokesh* broadened the Court's understanding of when a civil action pursued by the federal government amounts to a "penalty" for purposes of the 5-year statute of limitations at 28 U.S.C. §2462. The statute of limitations applies to civil actions "for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise." 28 U.S.C. §2462. The government argued in *Kokesh* that this statute did not apply to "remedial" efforts like S.E.C. disgorgement actions, which it claimed were intended only to make the government whole, not to penalize the defendant. *Kokesh*, 137 S. Ct. at 1644. However, the Supreme Court looked to statements that such actions were "to deter others' violations" of the law and "to punish and label defendant as

2

wrongdoers" and concluded that such actions, even if perhaps *also* remedial, were punitive and thus subject to the 5-year statute of limitations. *Id.* at 1645.

Plaintiff insists that Defendant's reliance on *Kokesh* is "misplaced." Response (ECF No. 20) at 6. Plaintiff argues, unconvincingly, that S.E.C. disgorgement actions qualify as a penalty "because disgorgement is imposed for punitive purposes when one has violated the law, and is not compensatory. … By contrast, civil denaturalization is a remedial action to correct an erroneous grant of citizenship 'to which the individual was never entitled.'" *Id.* at 6-7 (quoting *United States v. Hongyan Li*, 619 F. App'x 298, 302 (5th Cir. 2015)). This is a plain misreading of *Kokesh*. The Supreme Court acknowledged that, like denaturalization, "disgorgement serves compensatory goals in some cases." *Kokesh*, 137 S. Ct. at 1645. However, such government-imposed sanctions "'frequently serve more than one purpose.'" *Id.* (quoting *Austin v. United States*, 509 U.S. 602, 610 (1993)). Where a civil sanction has a dual function, serving both "retributive or deterrent purposes" as well as a remedial purpose, such a measure "'is punishment, as we have come to understand the term.'" *Id.* (quoting *Austin*, 509 U.S. at 621). Because denaturalization does more than merely correct an erroneous grant of citizenship, and in fact serves "the law enforcement objectives of ***retribution, incapacitation, and deterrence***," Motion (ECF No. 19) at 7 & Exh. A, it is properly characterized as a punishment – and thus is subject to the 5-year statute of limitations.

Plaintiff also fails to meaningfully address the weight of circuit authority contrary to its position. Plaintiff cites a 1958 Supreme Court opinion, an unpublished Fifth Circuit decision, and a U.S. district court opinion from the District of Alaska in support of its contention that denaturalization is remedial, not punitive. Response (ECF No. 20) at 7; *see Trop v. Dulles*, 356 U.S. 86, 98 (1958); *United States v. Hongyan Li*, 619 F. App'x 298, 302 (5th Cir. 2015); *United States v. Phattey*, 2018 WL 4365490, at *4 (D. Alaska Sept. 12, 2018). But the government fails

to discuss the published decisions from the First, Second, and Sixth Circuits cited in Defendant's Motion that conclude denaturalization *is* a penalty. Motion (ECF No. 19) at 6-7; *see United States v. Klimavicius*, 847 F.2d 28, 34 (1st Cir. 1988); *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 895 (2d Cir. 1996); *United States v. Ataya*, 884 F.3d 318, 325 (6th Cir. 2018). Nor does Plaintiff acknowledge that the Fifth Circuit has issued unpublished decisions that go both ways and has described denaturalization as a penalty in at least one decision issued post-*Kokesh*.[1] Notably, none of the district court or court of appeals decisions relied upon by Plaintiff arose in the Fourth Circuit.

Moreover, Plaintiff does not respond to the series of Supreme Court decisions describing denaturalization as "an extraordinarily severe penalty," *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949), with "no apparent purpose but to punish and thereby deter misrepresentation in the immigration process," *Kungys v. United States*, 485 U.S. 759, 782 (1988). Indeed, Plaintiff cites *Kungys* in its Response but does not contend that the *Kungys* court was wrong to characterize denaturalization as a "punish[ment]" and a "deter[rent]," 485 U.S. at 782. *See* Response at 5.

Plaintiff also fails to respond to Defendant's argument that the application of the criminal evidentiary standard in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), to civil denaturalization proceedings demonstrates the punitive nature of these proceedings. Motion at 6-7, citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 353 (6th Cir. 1993). Defendant cited *Demjanjuk* as an

---

[1] Plaintiff cites *United States v. Hongyan Li*, 619 F. App'x 298, 302 (5th Cir. 2015), to argue that denaturalization is remedial rather than punitive. Response at 7. But Plaintiff fails to cite or discuss the more recent Fifth Circuit decision *United States v. Allouche*, 703 F. App'x 241, 244 (5th Cir. 2017), which explicitly described denaturalization as a "penalt[y]." Defendant addressed both in his Motion to Dismiss as evidence that the Fifth Circuit has taken competing positions on the issue. Motion (ECF No. 19) at 6. Plaintiff does not respond. But if either case is to be relied upon, *Allouche* was decided after *Kokesh* whereas *Hongyan Li* was not. At least the *Allouche* court presumably had the benefit of considering the reasoning in *Kokesh* and should thus be considered more persuasive than *Hongyan Li*.

example of a court applying criminal principles to denaturalization proceedings because of the quasi-criminal nature of these proceedings and the punitive consequences to defendants. *Id.* The *Demjanjuk* court noted that the penalties for denaturalization "equal or exceed those of most criminal convictions" and may lead to the defendant being deported (or extradited) and then dying as a result. 10 F.3d at 354. Plaintiff offers no explanation why, if denaturalization is solely a remedial action, the *Brady* standard is applied in denaturalization proceedings to require disclosure of evidence "'material … to guilt or to punishment.'" *Id.* (quoting *Brady*, 373 U.S. at 87).

In a single footnote, Plaintiff claims that the former Attorney General's recent public statements describing his push for denaturalization as an effort to punish and deter people should be overlooked, because the agency also has described denaturalization as a remedial measure. Response (ECF No. 20) at 7 n.3. But *Kokesh* addressed and flatly rejected similar arguments regarding S.E.C. disgorgement actions where the government pointed to the sometimes-remedial effects of such actions. 137 S. Ct. at 1644-45. The Court found that it was not enough that a sanction serve both punitive and remedial purposes; to avoid application of the 5-year statute of limitations, the intention must be "*solely* to serve a remedial purpose[.]" *Id.* at 1645 (emphasis in original). Plaintiff has offered an argument that was already considered – and rejected – by the Supreme Court.

Plaintiff does not deny that former Attorney General Jeff Sessions has described his intention in pursuing civil denaturalization cases as promoting "the law enforcement objectives of ***retribution, incapacitation, and deterrence***." The U.S. Attorney's Bulletin, July 2017, Volume 65, Number 3, *available at* https://www.justice.gov/usao/page/file/984701/download; *see* Motion (ECF No. 19) at 7. The government likewise does not deny that its recent press

5

releases announcing the filing of civil denaturalization cases have described its intention to label defendants as wrongdoers and to deter others. *See* Motion (ECF No. 19) Exhs. B, C, D.

These public statements belie Plaintiff's contention that denaturalization actions are simply remedial – "designed to correct erroneous grants of citizenship" – and not punitive. Response (ECF No. 20) at 7 n.3. *Kokesh* explicitly applies to government efforts that "'go beyond compensation … and label defendants wrongdoers' as a consequence of violating public laws." *Kokesh*, 137 S. Ct. at 1639 (quoting *Gabelli v. SEC*, 568 U.S. 442, 451-52 (2013)). And the Court describes deterrence as "not a legitimate nonpunitive government objective" and as "traditionally viewed as a goal of punishment." *Id.* at 1643-44. Plaintiff's insistence that the government views denaturalization as remedial is unconvincing.

### III. CONCLUSION

For the reasons stated in Defendant's Motion to Dismiss and in this Reply, Defendant respectfully moves the Court to dismiss the Complaint, with prejudice.

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, L.L.C.

By:    S / Rebecca Laffitte
      Rebecca Laffitte (ID No. 1036)
      rlaffitte@robinsongray.com
      J. Michael Montgomery (ID No. 10290)
      mmontgomery@robinsongray.com
      Vordman Carlisle Traywick, III (ID No. 12483)
      ltraywick@robinsongray.com
      Rachel M. Hutchens (ID No. 12696)
      rhutchens@robinsongray.com
      1310 Gadsden Street
      Post Office Box 11449
      Columbia, South Carolina 29211
      (803) 929-1400

Attorneys for Defendant, Devinder Singh Dhanoa

        CLARK HILL PLC
        Thomas K. Ragland
        1001 Pennsylvania Avenue, NW
        Suite 1300 South
        Washington, DC 20004
        T: (202) 552-2350
        F: (202) 572-8686
        E: tragland@clarkhill.com

*Pro Hac Vice Counsel for Defendant*

Columbia, South Carolina

Dated: November 26, 2018